```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ASHRAF SAID,
                         Plaintiff,                    REPORT AND
                                                       RECOMMENDATION
        - against -
                                                       CV 08-3067 (RJD) (JO)
SBS ELECTRONICS, INC., et al.,
                         Defendants.
-----------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

On February 24, 2010, I issued a Report and Recommendation in which I recommended that the court enter judgment against defendants SBS Electronics, Inc. ("SBS") and Seth Siegel ("Siegel") in the total amount of $203,643.57. Docket Entry ("DE") 38 ("R&R"). On March 31, 2010, the court adopted some of my recommendations but rejected my conclusion that SBS and Siegel should be held liable for violations of the rights of plaintiff Ashraf Said ("Said") under applicable wage laws to the extent those violations occurred before October 1, 2007. DE 43 (Memorandum and Order ("M&O")). The court referred the matter back to me to recalculate the award that should be entered against SBS pursuant to the M&O. I now make my report and, for the reasons set forth below, respectfully recommend that the court enter judgment against SBS in the total amount of $72,184.79 (consisting of $4,500.00 in unpaid wages; $26,527.50 in unpaid overtime; $26,527.50 in liquidated damages; $1,658.80 in "spread of hours" wages; $6,282.11 in prejudgment interest; $6,338.88 in attorneys' fees; and $350.00 in costs).

I.    Background

I assume the reader's familiarity with all prior filings in this case. In my original report, I concluded that SBS and Siegel bore successor liability for DTV's wage law violations, including those prior to October 1, 2007, when SBS took over DTV's operations. R&R at 11. The court

disagreed and found that Said failed to establish successor liability and that Siegel is not personally liable for SBS's violations. M&O at 6-7. I therefore recalculate each component of the award that should be entered on the basis of the defendants' default.

II. Damages

   A. Regular Wages

In his fourth cause of action, Said seeks payment for the full amount of his unpaid wages under New York Labor Law § 191. Said asserts that SBS failed to compensate him for his last ten weeks of employment, for which Said should have been paid $450.00 per week, or $4,500.00. DE 31-2 (Said Declaration ("Said Dec.")) ¶¶ 7, 9. Said remains entitled to $4,500.00 in unpaid regular wages.

   B. Overtime Wages

Both the state and federal statutes require SBS to pay Said a 50 percent premium for his overtime hours – that is, the hours in excess of 40 that he worked in each "work week." 29 C.F.R. § 778.105; N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2. Said asserts that he has worked 13 or 14 hours each day and five or six days each week. Said Dec. ¶ 6. For each week Said worked more than 40 hours after October 1, 2007, he is entitled to overtime wages from SBS.

I previously recommended that the court find that Said's hourly wage was $11.25, and that he was therefore entitled to premium overtime wages at an hourly rate of $16.875 for each hour he worked after the first 40 hours of work each week in the covered time period. For those weeks in which Said worked five days, for an average of 13.5 hours per day, he accrued a total of

27.5 overtime hours per week, and for those weeks in which he worked six days, for an average of 13.5 hours per day, he accrued a total of 41 overtime hours per week.

Said asserts that he worked 7 five-day weeks and 41 six-day weeks in 2007. Said has not provided the court with information regarding when those weeks occurred. I therefore extrapolate from the information provided that 11 of the 13 weeks worked during the covered time period, from October 1, 2007 until the end of the year, were six-day weeks and the remaining 2 weeks were five-day weeks. This estimate represents the application of roughly the same proportion of six-day weeks to five-day weeks for the entire year (41 of 48) to the covered time period (11 of 13). The calculation results in 506 overtime hours for 2007. Adding that to the 1,066 overtime hours for 2008 results in a total of 1,572 overtime hours during the covered time period. Multiplying that amount by the hourly rate of $16.875 produces a total amount of $26,527.50. I respectfully recommend awarding Said that amount in unpaid overtime damages on his first two causes of action.

  C. <u>"Spread of Hours" Damages</u>

The "spread of hours" provision of New York law entitles Said to one additional hour of pay at the minimum hourly wage for each day he worked over ten hours. N.Y. Lab. Law § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. Said attests to working more than ten hours every day he worked for SBS. For the 13 weeks in 2007, I estimate that Said worked 76 days (11 six-day weeks and 2 five-day weeks), for which SBS owes Said $7.15 per day (equal to the minimum wage for one hour of work in New York in 2007), for a total of $543.40. For the 156 days worked in 2008, SBS owes Said $7.15 per day (equal to the minimum wage for one hour of work in New York in 2008), for a total of $1,115.40. Accordingly, Said is entitled to

$1,658.80 in "spread of hours" damages and I respectfully recommend awarding him that amount on his third cause of action.

    D.    <u>Liquidated Damages</u>

I previously concluded that Said is entitled to liquidated damages only under the Fair Labor Standards Act ("FLSA"), and therefore only for the two-year period prior to filing his initial complaint on July 28, 2008. Accordingly, Said is entitled to recover liquidated damages from SBS for the entire relevant time period, from October 1, 2007 until July 3, 2008. The FLSA provides that an employer who violates the federal overtime provision "shall be liable" to employees for unpaid overtime in "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The award should thus be in an amount equal to the overtime wages owed from October 1, 2007 until July 3, 2008. I respectfully recommend that the court award Said the amount of $26,527.50 in liquidated damages on his first cause of action.

    E.    <u>Prejudgment Interest</u>

New York law provides for an award of prejudgment interest in the circumstances of this case under both the FLSA and New York state law. *See* N.Y. C.P.L.R. § 5001; *Cesario v. BNI Constr., Inc.*, 2008 WL 5210209, *6 (S.D.N.Y. Dec. 15, 2008) (collecting cases). I previously concluded that an award of prejudgment interest was appropriate in this case and now adjust the award in accordance with Judge Dearie's Order.

The statutory rate of interest is nine percent per year. N.Y. C.P.L.R. § 5004. I previously adopted Said's methodology for calculating interest on the overtime and spread of hours claims, and again apply that methodology here. *See* R&R at 18-19. I recommend that interest be calculated on the overtime and spread of hours claims from the mid-point of the covered time

period, or February 16, 2008.  Applying a nine percent annual interest rate to the overtime and spread of hours wages award of $28,186.30 for the period of two years and 64 days from February 16, 2008 until April 20, 2010 (the earliest possible date for the entry of judgment after allowing an opportunity for objections to this report and recommendation) produces an interest award of $5,517.47 for the first three causes of action.

Said similarly proposed, and I adopted, the same methodology for the calculation of prejudgment interest on his fourth cause of action, using the midpoint of the relevant ten-week period, May 31, 2008, as the starting point for accruing interest.  Applying a nine percent annual interest rate to the unpaid regular wages award of $4,500.00 for the period of one year and 324 days from May 31, 2008 until April 20, 2010 produces an interest award of $764.64 for the fourth cause of action.  Adding that figure to the amount calculated above produces a total of $6,282.11 in prejudgment interest on all claims.  I respectfully recommend an award in that amount.

F. <u>Attorneys' Fees and Costs</u>

The rationale for my original recommendation that the court award Said $6,338.88 in attorneys' fees and $350.00 in costs remains unaffected by the court's M&O.  I therefore adhere to that recommendation.

G. <u>Joint And Several Liability</u>

I previously recommended that the court hold SBS jointly and severally liable with Dornhard and DTV for $85,000.00 of the total award.  I reasoned that to the extent Said has obtained, by virtue of a settlement agreement, a separate award of $85,000.00 against Dornhard and DTV, he should not be permitted the windfall of double recovery.  I no longer adhere to that

recommendation because the effect would be to deprive Said of any remedy for violations occurring prior to October 1, 2007. As explained in the R&R, Said has proved that as a result of the wage law violations that the defendants committed as a group, he is entitled to a total monetary award of $203,643.57 (consisting of $4,500.00 in unpaid wages; $93,673.13 in unpaid overtime; $64,094.41 in liquidated damages; $5,669.30 in "spread of hours" wages; $29,017.85 in prejudgment interest; $6,338.88 in attorneys' fees, and $350.00 in costs). However, as a result of the court's M&O, the only defendants who might have been held liable for the bulk of that award are Dornhard and DTV. As a result of his settlement with those defendants, Said may only recover a total of $85,000 from them.

Under these circumstances, if the court enters an award of less than the full amount of Said's damages against SBS and makes that liability joint and several with the existing judgment against Dornhard and DTV, then the effect will be that Said will have no remedy for most of the wage law violations he suffered – a result diametrically opposed to what he might have expected by entering into a settlement with some but not all of the defendants. On the other hand, a decision not to impose joint and several liability would not unfairly prejudice SBS – it would merely avoid the possibility that it could foist responsibility for its own wage law violations off on its predecessors. Accordingly, I recommend that the court decline to impose joint and several liability in entering judgment against SBS.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court enter judgment against SBS in the total amount of $72,184.79 (consisting of $4,500.00 in unpaid wages; $26,527.50 in unpaid overtime; $26,527.50 in liquidated damages; $1,658.80 in "spread of

hours" wages; $6,282.11 in prejudgment interest; $6,338.88 in attorneys' fees; and $350.00 in costs).

IV.  Objections

I direct plaintiff Said to serve a copy of this Report and Recommendation on defendants Siegel and SBS by certified mail, and to file proof of service with the court no later than April 5, 2010.  Any objections to this Report and Recommendation must be filed no later than April 19, 2010.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
April 1, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge