Paul P. Rooney (PR-0333)
Brian P. Fredericks (BF-1873)
FUGAZY & ROONEY LLP
126 Glen Street
Glen Cove, NY 11542
(516) 801-8139 (Tel.)

*Attorneys for Plaintiff Ashraf Said*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ASHRAF SAID                                                                              08 Civ. 3067 (RJD)(JO)
                                                                                                   <u>ECF FILED</u>

                         Plaintiff,

    -against-

SBS ELECTRONICS, INC., MARK DORNHARD,
SETH SIEGEL, and DOCTOR TV, INC.,

                      Defendants.
------------------------------------------------------------------- X

_____

**PLAINTIFF ASHRAF SAID'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(b)(2)**
_____

Dated: April 7, 2010
      Glen Cove, New York

## PRELIMINARY STATEMENT

Plaintiff, Ashraf Said ("Plaintiff" or "Said"), by and through his attorneys, Fugazy & Rooney LLP, respectfully submits this limited objection, pursuant to Fed. R. Civ. P. 72(b)(2), to a single aspect of the April 1, 2010 Report and Recommendation of Hon. James Orenstein (hereinafter, the "R&R"). Docket Number ("Dkt. No.") 44.

The R&R issued by Hon. James Orenstein unquestionably interpreted correctly Your Honor's March 31, 2010 Memorandum & Order (hereinafter, the "Order"), Dkt. No. 42, with the one minor exception addressed here. Specifically, Judge Orenstein mistakenly determined that Your Honor had found that defendant Seth Siegel ("Siegel") was not individually liable for any of the wage violations suffered by Plaintiff. R&R at 1-2.[1] As a result, Judge Orenstein recommends that Your Honor enter a judgment against only defendant SBS Electronics, Inc. ("SBS"), and not defendant Siegel, for any wage violations that occurred on or after October 1, 2007. R&R at 1, 6-7. This Court should not adopt the R&R in this limited respect, which is contrary to the original findings of both Your Honor and Judge Orenstein, and which would lead to the unintended result of releasing defendant Siegel from liability for any of plaintiff's alleged wage violations. Instead, this Court should enter judgment against both SBS and Siegel jointly and severally for any wage violations that occurred on or after October 1, 2007, as consistent with the Order.

---

[1] Citations prefaced by "R&R at __" refer to pages in the April 1, 2010 Report and Recommendation of Magistrate Judge James Orenstein. Dkt. No. 44.

1

**ARGUMENT**

I. **THE APPLICABLE LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Where, as here, a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

II. **THE COURT SHOULD NOT ADOPT THE R&R IN ITS ENTIRETY**

The Court should not adopt Magistrate Judge Orenstein's finding that Siegel is not individually liable for the wage and hour violations SBS committed after October 1, 2007. Instead, consistent with Magistrate Judge Orenstein's initial Report & Recommendation, dated February 24, 2010, and Your Honor's March 31, 2010 Order, the Court should hold Siegel personally liable for the amount of $72,184.79.

In his initial Report and Recommendation on February 24, 2010, Judge Orenstein correctly determined that "SBS and Siegel qualify as Said's employer for purposes of the FLSA,

2

and . . . impose joint and several liability on both for their violations of the wage laws." Dkt. No. 38, p. 9. Judge Orenstein then recommended that Your Honor enter judgment against both SBS and Siegel in the amount of $203,643.57 for wage violations arising out of plaintiff's employment from August 2005 until July 3, 2008. Dkt. No. 38.

In the March 30, 2010 Order, Your Honor ruled that "[t]he Court finds no clear error in Judge Orenstein's conclusion that the allegations in Said's complaint establish that SBS and Siegel were Said's 'employers' for purposes of the FLSA and that they are liable for alleged wage violations that occurred on October 1, 2007 and thereafter." Order at 4.[2] Your Honor's disagreement with Judge Orenstein's February 24, 2010 Report and Recommendation concerned only whether SBS and Siegel assumed successor liability for plaintiff's alleged pre-October 1, 2007 unpaid wages. Order at 4-5, 6-7. Your Honor agreed that "Siegel was properly found to be Said's 'employer' under the FLSA for wage violations that occurred upon SBS taking control of DTV on October 1, 2007 . . . " but held that "there are no allegations in the complaint that would give rise to any inference that he was Said's 'employer' prior to SBS taking control of DTV." Order at 8. Your Honor adopted Judge Orenstein's initial Report and Recommendation "except for his recommendation that the Court enter judgment against SBS and Siegel for DTV's alleged waged violations prior to October 1, 2007." Order at 8. Your Honor then referred the case to Judge Orenstein "to re-calculate the amount of the default judgment to be entered against SBS and Siegel consistent with this opinion." Order at 8.

---

[2] Citations prefaced by "Order at __" refer to pages in Your Honor's March 31, 2010 Memorandum & Order. Dkt. No. 43.

3

In his R&R dated April 1, 2010, however, Judge Orenstein mistakenly determined that Your Honor found "that Siegel is not personally liable for SBS's violations." R&R at 2. Judge Orenstein then recommended that Your Honor only enter a judgment against defendant SBS and not defendant Siegel, for any wage violations that occurred on or after October 1, 2007. R&R at 6-7.

Whether plaintiff's limited objection is reviewed by this Court strictly for clear error or *de novo,* this Court should decline to adopt Judge Orenstein's proposed findings with respect to Siegel's individual liability because plaintiff has established that Judge Orenstein mistakenly overlooked that portion of Your Honor's Order which explicitly found that Siegel was personally liable for SBS's post-October 1, 2007 wage violations.

## CONCLUSION

For all the foregoing reasons, plaintiff respectfully submits this limited objection to that portion of the Magistrate's Report which recommended that judgment be entered against SBS only and not Siegel for any post-October 1, 2007 wage violations. Plaintiff requests modification on that issue, and the entry of a judgment against both SBS and Siegel in the amount of $72,184.79 with joint and several liability between SBS and Siegel, and award plaintiff such other and further relief, including costs and attorneys' fees, as the Court deems just and proper.

Dated: Glen Cove, New York
      April 7, 2010

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Paul P. Rooney (PR-0333)
                                                  Brian P. Fredericks (BF-1873)
                                                  FUGAZY & ROONEY LLP
                                                  126 Glen Street
                                                  Glen Cove, NY 11542
                                                  (516) 801-8139 (Tel.)

                                                  *Attorneys for Plaintiff Ashraf Said*

**AFFIDAVIT OF SERVICE**

COUNTY OF NASSAU    )
                    ):ss:
STATE OF NEW YORK   )

I, Allison Vieyra, being duly sworn, says:  Today, I served a true and correct copy of the annexed Plaintiffs Ashraf Said's Objections Pursuant to Fed. R. Civ. P. 72 (b)(2) on the Defendants by United States Mail First Class at the following address:

Mr. Seth Siegel
20 Garth Ct.
Staten Island, New York 10308

Lori Cohen, Esq.
Via ECF
Cohen & Funk
Attorneys for Defendant *Mark Dornhard*
145 Hudson Street, Suite 5C
New York, New York 10013

SBS Electronics, Inc.
33 34th Street
Brooklyn, New York 11232

_____
Allison Vieyra

Sworn to this 7th
day of April, 2010

_____
Notary Public

BRIAN P. FREDERICKS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FR6173088
Qualified In Nassau County
My Commission Expires August 20, 2011